E-FILED
Tuesday, 10 November, 2026 09:17:01 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL BARTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 26-cv-3123-CRL |
| | ) | |
| | ) | |
| BRITTANY GREENE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MERIT REVIEW ORDER

During the time relevant to his Complaint, Plaintiff Michael Barty was an inmate with the Illinois Department of Corrections ("IDOC") who was housed at the Western Illinois Correctional Center ("Western Illinois"). Plaintiff has since been released from the IDOC's custody and is not incarcerated anywhere. Plaintiff has paid the required filing fee, in full, and the case is now before the Court for a merit review of Plaintiff's claims contained within his Complaint.

Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act ("PLRA"), the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and to dismiss any legally insufficient claim or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th

Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that, prior to his incarceration with the IDOC, he was diagnosed by his doctors as having Hepatitis C. Plaintiff avers that, when he was placed in the IDOC's custody and, more specifically, when he was transferred to Western Illinois, he made the medical officials aware that he had Hepatitis C and that he needed medical care and treatment for his disease. Plaintiff claims that, although he told Defendant Dr. Gordon that he had been diagnosed with and suffered from Hepatitis C, Dr. Gordon failed or refused to provide medical care or treatment to Plaintiff for his condition.

In addition, Plaintiff alleges that, while at Western Illinois, he filed several medical requests and grievances regarding the fact that he was not receiving medical care and treatment for his Hepatitis C. Although Defendants Western Illinois Warden Brittany Greene, IDOC Director Latoya Hughes, and Western Illinois Grievance officer Miranda Kassing were all aware (*via* the medical request slips and his grievances) of Plaintiff's need for medical treatment for his Hepatitis C and although these Defendants were also aware of the fact that he was not receiving any medical care for his disease, none of these Defendants took any action(s) to obtain medical care for him. As a result, Plaintiff claims that he has suffered and will suffer long-term adverse effects from not receiving timely, adequate, and proper medical care for his Hepatitis C while he was incarcerated at Western Illinois.

Plaintiff's Complaint states a claim against the individually named Defendants for acting with deliberate indifference towards his serious medical needs in violation of his Eighth Amendment rights. According to his Complaint, Dr. Gordon was responsible for providing medical care to the inmates housed at Western Illinois, including providing medical care to Plaintiff for his Hepatitis C. Because (according to Plaintiff) Dr. Gordon did not do so, Plaintiff's Complaint states an Eighth Amendment deliberate indifference claim against Dr. Gordon.

As for Warden Green, IDOC Director Hughes, and Grievance Officer Kassing, they do not appear to have been medical professionals and, therefore, may not have been directly or personally responsible for providing medical care to Plaintiff for his Hepatitis C. However, the United States Court of Appeals for the Seventh Circuit has held that an inmate may state a deliberate indifference claim against a prison official if he alleges that the prison official was aware of the inmate's need for medical assistance but ignored that need. *See Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015) (holding that inmate adequately stated Eighth Amendment deliberate indifference claims against prison grievance officials who failed to take any action in response to grievances about inadequate health care and that district court should have more liberally construed complaint at screening stage); *cf. Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (holding grievance officials were not liable for Eighth Amendment deliberate indifference claims where grievances were investigated and referred to medical providers, but observing "[p]erhaps it would be a different matter if [the grievance specialist] had ignored [the inmate]'s complaints entirely"). Although his claim against

Defendants Warden Greene, Director Hughes, and Grievance Officer Kassing is a closer call, the Court will allow him to proceed on his deliberate indifference claim against these Defendants and will not dismiss these Defendants without a further development of the record.

However, Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendant Wexford Health Sources, Inc. Plaintiff may only establish Wexford's liability under § 1983 through a *Monell* claim. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978).

Under *Monell*, a municipality may be liable for money damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a widespread practice of constitutional violations that was "so permanent and well settled as to constitute a custom or usage with the force of law"; or (3) an official with final policy-making authority. *Id.*, 436 U.S. at 690; *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009). The policy or practice "must be the direct cause or moving force behind the constitutional violation." *Woodward v. Correctional Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (citation and internal quotation marks omitted). In other words, "[t]he critical question under *Monell* . . . is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents." *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017). Private contractors like Wexford that provide medical services to prisoners are subject to the same liability rules as

public entities under § 1983. *Id.* at 378-79; *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021).

In the instant case, Plaintiff has not alleged any policy or custom enacted or followed by Wexford that has caused him to experience any harm or that has violated his Constitutional rights. On the contrary, Plaintiff simply alleges: "Wexford maintained policies, practices, or customs that delayed or denied necessary treatment for Hepatitis C, including the failure to timely evaluate and treat Plaintiff's condition." Doc. 1 at pg. 3. "A well-pleaded custom-or-practice *Monell* claim will not only 'identify a custom or policy' as the source of a plaintiff's injury but also 'specify what exactly that custom or policy was.'" *Collier v. Rock Island Police Officers Phillip Ledbetter*, 2016 WL 5796765, * 5 (C.D. Ill. Sept. 30, 2016) (quoting *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009)). Plaintiff's Complaint does not satisfy this pleading standard and does not state a *Monell* claim against Wexford.

Accordingly,

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a claim against the individually named Defendants for allegedly violating his Eighth Amendment rights by acting with deliberate indifference towards his serious medical needs. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Court further finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant Wexford Health Sources, Inc., and

the Clerk of the Court is directed to dismiss Wexford as Party to this case. 28 U.S.C. § 1915A; Fed. R. Civ. P. 12(b)(6).

3. The Clerk of the Court is further directed to attempt to effect service of process on the individually named Defendants pursuant to the Court's standard procedures.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by mailing a waiver of service to Defendants. Defendants have sixty (60) days from the date the waiver is sent to file an answer. If Defendants have not filed an answer or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating

service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendants shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by a Defendant. Therefore, no response to the answer is necessary or will be considered.

8. This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition at his place of confinement.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12. The Clerk of the Court is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 10th day of November, 2026

s/ Colleen R. Lawless
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE